UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 22-40027-MRG |
| | ) | |
| MOISES SOTO | ) | |
|     Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOISES SOTO'S SUPPLEMENTAL MEMORANDUM
OBJECTING TO THE VULNERABLE VICTIM ENHANCEMENT**

The "Vulnerable Victim" enhancement under U.S.S.G. § 3A1.1 does not apply to Mr. Soto. According to the § 3A1.1 Application Notes, a "vulnerable victim" is one who is "*unusually vulnerable* due to age, physical or mental condition, or who is otherwise *particularly susceptible* to the applicable criminal conduct." *Id* (emphasis added). "Vulnerable victims are those who are in need of greater societal protection." *United States v. Brunson*, 54 F.3d 673, 676 (10th Cir. 1995). "Specifically, the enhancement should apply when the victim is 'less able to resist than the typical victim'." *United States v. Scott*, 529 F.3d 1290, 1300 (10th Cir. 2008). "The vulnerable victim enhancement cannot be based solely on the victim's membership in a certain class; the sentencing court is required to make particularized findings of vulnerability, focusing on the individual victim and not the class of persons to which the victim belonged." *United States v. Smith*, 133 F.3d 737, 749 (10th Cir. 1997). "The evidence must also distinguish the victim as atypical of the usual targets of the relevant criminal conduct." *United States v. Caballero*, 277 F.3d 1235, 1251 (10th Cir. 2002).

In their Sentencing Memorandum, the Government relies on *United States v. Rainford*, 110 F.4th 455, 486 (2d Cir. 2024), and *United States v. Pavao*, 948 F.2d 74, 78 (1st Cir. 1991), in support of a sentence enhancement under USSG § 3A1.1. Yet both of those cases involve fraud, not sex trafficking. While it is true that the courts found in those cases that the enhancement applies based on the victim's homelessness and drug use, it was due to the nature of the charged offense and that the victims were not in the class of persons typically targeted for fraud.

As noted above in *Caballero*, the enhancement should only apply to victims that are atypical of the usual target of the relevant criminal conduct. See 277 F.3d. at 1251. Other courts have held that vulnerabilities such as, homelessness, unstable personal life, poverty, age, difficult familial backgrounds and drug addiction are characteristics that *are* typical for sex trafficking victims. See *United States v. Lucious*, No. 17-CR-3246-MV-6, 2022 WL 252332 (D.N.M. Jan. 27, 2022); *United States v. Folks*, No. 2:16-cr-00094, 2020 WL 4882387 (D. Vt. Aug. 20, 2020).

Similar to the background and characteristics of the victim in the matter, in *Folks*, the sex trafficking victims grew up with difficult family backgrounds, were homeless throughout parts of their lives, were addicted to drugs, were physically abused by their partners, and became involved with the defendant while drug addicted and homeless. See *Folks*, 2020 WL 4882387 at *6. While those factors did render the victims vulnerable to the criminal activity at issue, they were not *unusually vulnerable*, *Id.*, as they were in the typical class of sex trafficking victims. Because those victims were able-bodied, English-speaking, U.S. citizens, and

natives to location where the trafficking took place, the court in *Folks* did not apply the enhancement. *Id*.

The court in *Folks* highlighted that the Second Circuit has reserved the application of the enhancement in sex trafficking cases to "situations involving victims dislocated from their home-communities abroad, without proficiency and comfort in the English language, and with a particular inability to extricate themselves from oppressive circumstances due to disability or physical detention." *Id*. at *6. None of those factors are present in the matter before this Court.

The Government also relies on *United States v. Irving*, 554 F.3d 64 (2d Cir. 2009), where that court considered homelessness and lack of parental guidance sufficient to support a "vulnerable victim" enhancement for a sex trafficking conviction. But in that case, the Court applied the enhancement to the sex trafficking of minors abroad. In doing so, it made findings as to their conditions, specifically, that the victims were "street urchins," that these were children from Mexico and Honduras, and that they were without parental or other appropriate guidance. See *Irving*, 554 F.3d at 75. None of these factors are present in this case.

While the Government also suggests that financial dependence on the defendants is a factor, the Ninth Circuit has recognized that victims who are indebted, low income, and lack financial resources, are not distinguishable from the typical victims of sex trafficking and are thus not *unusually vulnerable*. See *United States v. Chang Ru Meng Backman*, 817 F.3d 662 (9th Cir. 2016); *United States v. Castaneda*, 239 F.3d 978 (9th Cir. 2001). In *Chang Ru Meng Backman*, the victim

was a Chinese woman deceived into flying to Saipan, where she was effectively imprisoned, had her travel documents confiscated, and was told she had no other options but to engage in prostitution. That court found that an enhancement was proper based on the high number of vulnerabilities *and* the depth of the individual vulnerability. See Id. at 671. For example, "the victim was not only estranged from her home community, she had no ties *at all* on the geographically remote island of Saipan." *Id*. "Similarly, she did not merely have poor English skills; she did not speak or read or understand any English *whatsoever,* and she was illiterate in her native language as well." Id. Those vulnerabilities, at that level and depth, are not present here.

The Guideline, the Application Notes, and the case law show that the characteristics the government relies on for the enhancement, such as homelessness, financial difficulties, addiction to drugs, and family problems are not unusual or atypical vulnerabilities for sex trafficking victims. For all these reasons, the "vulnerable victim" enhancement does not apply.

DATED: December 30, 2025

Respectfully submitted,
Moises Soto
By his attorney,

/s/ Michael Tumposky
Michael Tumposky
BBO No. 660618
Tumposky & Associates, P.C.
88 Broad Street, Suite 101
Boston, MA 02110
T) (617) 722-8220
E) Tumposky@TumposkyLaw.com

4

**Certificate of Service**

    I, Michael Tumposky, hereby certify that, on December 30, 2025, I have served a copy of this document on all counsel of record in this matter.

<u>/s/ Michael Tumposky</u>
Michael Tumposky
