UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )  <br> ) <br> v.  ) <br>  ) <br> MOISES SOTO and KIERSTEN SOTO  ) | Criminal Case 22-cr-40027-MRG |

**MOTION OF DEFENDANTS FOR NEW TRIAL
PURSUANT TO RULE 33(b)(1) OF THE FEDERAL RULES OF CRIMINAL
PROCEDURE AND INCORPORATED REQUEST FOR JUDICIAL RECUSAL
PURSUANT TO 28 U.S.C. 455**

Now come Defendants Moises Soto and Kiersten Soto (collectively, "the Defendants") and respectfully move this Honorable Court, pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure, for a new trial on the grounds that the trial judge improperly tendered an *ex parte* personal communication and gifts to the alleged victim while the Defendants' sentencing hearing was underway on January 23, 2026. The Defendants' undersigned counsel did not learn of this *ex parte* communication and gifting until January 28, 2026, and they did not see the *ex parte* communication and a photograph of the gifts until January 29, 2026. Consequently, this motion is being filed on the basis of newly-discovered evidence within the timeframe established by Rule 33(b)(1). The Defendants further request that the trial judge recuse herself from ruling on this motion for a new trial pursuant to 28 U.S.C. 455(a) and that this matter be randomly reassigned for adjudication by another District Court judge.

The alleged victim's scope of trial testimony and the Defendants' concomitant scope of cross-examination were sharply contested issues at trial, with the trial judge routinely ruling in a manner that deprived the Defendants of a fair trial. Those earlier rulings, when coupled with the *ex parte* communication and gifts to the alleged victim, establish the Defendants' right to a new trial in the interest of justice. See, e.g., F.R.Crim.P. 33 (a new trial is warranted "if the interest of

justice so requires"); United States v. Devin, 918 F.2d 280, 295 (1st Cir. 1990), quoting Aggarwal v. Ponce Sch. of Med., 837 F.2d 17, 22 (1st Cir. 1988) ("bias and improper conduct by a trial judge may be grounds for a new trial"); Canon 3(A)(4) ("[A] judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.")

**Relevant Factual Background**

**A.  Alleged Offense Conduct**

This prosecution involves the following three charges:

Count 1: Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1594(c);

Count 2: Sex Trafficking by Force, Fraud and Coercion; Aiding and Abetting, in violation of 18 U.S.C. §§1591(a)(l), (b)(l), and 2; and,

Count 3: Interstate Travel and Transportation to Promote Unlawful Activity; Aiding and Abetting, in violation of 18 U.S.C. §§1952(a)(3) and 2.

Moises Soto was indicted on Counts 1 and 2, and Kiersten Soto was indicted on all three counts. The alleged criminal conduct purportedly occurred between February 2022 and May 2022. See Declaration of John S. Day, Esq. ("Day Decl."), attached hereto as Exhibit 1, at ¶3. The alleged victim of this alleged conduct is Ms. Soto's half-sister. See Day Decl., Exhibit 1, at ¶4. Ms. Soto's half-sister was the only alleged victim, and her testimony was critical to the government's case. See Day Decl., Exhibit 1, at ¶5.

**B.  Contested Issues involving the Alleged Victim's Direct Examination and Cross Examination**

At trial, the government alleged the Defendants forced the alleged victim into sex trafficking in order to, without limitation, pay their opioid dealer. See Day Decl., Exhibit 1, at ¶6. The alleged victim furthered this allegation by testifying that she was forced to meet with the

dealer at the direction of the Defendants in order to procure drugs for them. See Day Decl., Exhibit 1, at ¶7. At the time of her trial testimony, the alleged victim was in default on Massachusetts state drug charges involving this same dealer, and the Defendants attempted to cross-examine the alleged victim on this patently relevant issue involving the alleged victim's credibility. See Day Decl., Exhibit 1, at ¶8; see, also Affidavit of Michael Tumposky, Esq. ("Tumposky Aff."), attached hereto as Exhibit 2, at ¶4.

The trial judge denied the Defendants an opportunity to explore this critical and relevant line of inquiry regarding the alleged victim's voluntary and ongoing association with the drug dealer she was allegedly forced to buy the Defendants' opioids from during 2022. See Day Decl., Exhibit 1, at ¶9; see, also Tumposky Aff., Exhibit 2, at ¶4.

Similarly, the alleged victim appeared to be under the influence of an unknown substance at trial, but the trial judge denied the Defendants a meaningful opportunity to fully explore this apparent intoxication through cross-examination. See Day Decl., Exhibit 1, at ¶10; see, also Tumposky Aff., Exhibit 2, at ¶5. Further, the trial judge would not allow defense counsel to attempt to authenticate messages in which the alleged victim admitted to fabricating allegations of sex trafficking against the Defendants. See Tumposky Aff., Exhibit 2, at ¶6.

C.  ***Ex parte* communication and gift from the trial judge to the alleged victim**

On September 22, 2025, the jury returned guilty verdicts on all counts against the Defendants. This matter proceeded to sentencing on January 23, 2026. The Defendants' conviction for trafficking carries a mandatory minimum of 15 years (180 months), and the Probation Department calculated a Sentencing Guidelines range of 188 to 235 months. The government recommended a sentence of 18 years (216 months), while the Defendants requested

a sentence of 15 years (180 months). The Court adopted the government's recommendation and sentenced the Defendants to 18 years in prison.

The alleged victim did not attend, or otherwise present any statement during, the sentencing hearing. On January 28, 2026, AUSA Stephen Hassink sent an email to the Defendants' undersigned counsel that stated, in relevant part:

> On Friday [January 23, 2026], while we were on a break during the sentencing hearing of your clients, one of Judge Guzman's interns/clerks approached [AUSA] Torey [Cummings] with an envelope. The intern stated that it was from the Judge and was for the victim. Torey did not open the envelope and did not know its contents. Torey handed the envelope to Agent Fleischmann. The sentencing hearing then resumed. After the sentencing hearing, we opened the envelope. It contained a card with a message in it from the Judge along with several seashells. We have not yet provided this to the victim and are happy to provide you with a copy of the card once we obtain it from HSI.

See Exhibit 3; see, also Day Decl., Exhibit 1, at ¶12.

On January 29, 2026, AUSA Hassink provided the Defendants' counsel with two photographs that depict the card conveyed by the trial judge to the alleged victim with a handwritten note, as well as a bracelet and several seashells. See Exhibit 3; see, also Day Decl., Exhibit 1, at ¶13. The handwritten note reads as follows:

> Courtney –
>
> Every important journey in life starts with the 1st step. You have shown great courage in your own journey to reclaim your life and your future. I wish you much joy, love, and happiness and peace.
>
>     MRG

See Exhibit 4.

Given the facts that the handwritten note was on a store-bought card and accompanied by several seashells and a bracelet, it is readily apparent that the trial judge prepared this message and gift at some unknown point prior to commencement of the sentencing hearing.

As established by AUSA Hassink's January 28, 2026 email, the trial judge's law intern or clerk delivered this card, handwritten note, and gifts to AUSA Cummings during the sentencing hearing, before any sentence was imposed. The judge made no mention of this transmittal during the hearing, and the Defendants' undersigned counsel were not aware of it until they received AUSA Hassink's email on January 28, 2026. See Day Decl., Exhibit 1, at ¶14.

## ARGUMENT

Within the context of Fifth Amendment jurisprudence, it is axiomatic that "[d]ue process requires that a criminal defendant be tried before an impartial judge." Bader v. Warden, USDC-NH, 2003 U.S. Dist. LEXIS 8955 (2003), citing Bracy v. Gramley, 520 U.S. 899, 904-05 (1997) and In re Murchison, 349 U.S. 133, 136 (1955). Indeed, this bedrock Constitutional principle is so essential to due process that the Supreme Court repeatedly has noted even the appearance of judicial partiality may require a new trial. See, e.g., Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988) (holding that the appearance of impartiality is as important as actual impartiality); In re Murchison, 349 U.S. at 136, quoting Offutt v. United States, 348 U.S. 11, 14 (1954) ("justice must satisfy the appearance of justice"). As further explained by the Court in Murchison:

> A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness.

In re Murchison, 349 U.S. at 136.

In light of this clearly articulated standard, the trial judge's *ex parte* communication and delivery of gifts to the alleged victim - while the sentencing hearing was underway and before sentence was imposed - constitutes a clear violation of the Defendants' right to due process. The judge's conduct, which included a handwritten note expressing personal encouragement and gifts

to the government's key witness, creates at minimum the appearance of partiality and undermines public confidence in the fairness of the proceedings. The fact the Defendants' counsel were not made aware of this communication until after sentencing[1] further exacerbates the due process violation, because it deprived the Defendants' counsel of any opportunity to object, seek recusal, or otherwise address the matter at the relevant time.

As noted above, the trial judge's *ex parte* delivery of a personal note and gifts to the alleged victim did not occur in a vacuum; instead, it occurred after the trial judge had made trial rulings that shielded the alleged victim from full and vigorous cross examination despite the centrality of the alleged victim's credibility to the government's case. Consequently, these ex parte overtures are not harmless as either a factual or legal matter, because they are inextricably linked to the trial judge's rulings that unfairly favored the alleged victim's credibility at the expense of the Defendants. See, e.g., Owens v. United States, 483 F.3d 48, 66 (1st Cir. 2007), quoting Logue v. Dore, 103 F.3d 1040, 1045 (1st Cir. 1997) ("As an initial matter, we note that a 'judge's participation [in a trial] must be balanced; he cannot become an advocate or otherwise use his judicial powers to advantage or disadvantage a party unfairly.'"); United States v. Devin, 918 F.2d 280, 295 (1st Cir. 1990), quoting Aggarwal v. Ponce Sch. of Med., 837 F.2d 17, 22 (1st Cir. 1988) ("bias and improper conduct by a trial judge may be grounds for a new trial"); United States v. Corgain, 5 F.3d 5, 9 (1st Cir. 1993), citing United States v. Wilensky, 757 F.2d 594, 598 (3d Cir. 1985) (criminal trial unfair "where the judge's role loses its color of neutrality and tends to accentuate and emphasize the prosecution's case").

---

[1] Indeed, the Defendants' counsel likely would have never learned about this *ex parte* activity in the absence of AUSA Hassink's January 28, 2026 email.

## REQUEST FOR JUDICIAL RECUSAL AND REASSIGNMENT

28 U.S.C. 455(a) mandates that a trial judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." The Defendants respectfully aver the instant matter requires recusal under this standard, because the trial judge's *ex parte* delivery of a personal handwritten note and gifts to the alleged victim clearly creates, at a minimum, a reasonable question of impartiality. As established by the Supreme Court, "[t]he goal of section 455(a) is to avoid even the appearance of partiality." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988), quoting Health Servs. Acquisition Corp. v. Liljeberg, 796 F.2d 796, 802 (5th Cir. 1986). Moreover, "doubts ordinarily ought to be resolved in favor of recusal." United States v. Medoff, 159 F.4th 107, 122-123 (1st Cir. 2025), quoting In re United States, 441 F.3d 44, 56 (1st Cir. 2006).

The instant motion involves an *ex parte* delivery of a previously purchased card with a handwritten personal note and accompanying gifts that the trial judge's intern or clerk delivered to the government before the Defendants were sentenced, and which the Defendants' counsel only learned about five days later when the government advised them of the situation. These circumstances indisputably establish the trial judge's "impartiality might reasonably be questioned." See 28 U/S.C. 455(a).

## CONCLUSION

For the reasons set forth above, the Defendants respectfully move for a new trial pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure and request this motion be randomly reassigned for adjudication by a different judge pursuant to 28 U.S.C. 455(a).

## LOCAL RULE 7.1 CERTIFICATION

I, John S. Day, Esq. hereby certify that I conferred with Assistant United States Attorney Stephen Hassink on February 19, 2026 in a good faith effort to resolve the issues raised by the instant motion, but we were unable to resolve the issues.

/s/ John S. Day
_____
John S. Day

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| **MOISES SOTO** | **KIERSTEN SOTO** |
| By his attorney, | By her attorney, |
| | |
| /s/ Michael Tumposky | /s/ John S. Day |
| _____ | _____ |
| Michael Tumposky (BBO #660618) | John S. Day (BBO #639249) |
| Tumposky & Associates, P.C. | Day Law Firm, P.C. |
| 88 Broad Street, Suite 101 | 99 Derby Street, Suite 200 |
| Boston, MA 02110 | Hingham, MA 02043 |
| (617) 722-8220 (telephone) | 781-789-3001 (telephone) |
| Tumposky@TumposkyLaw.com (email) | 781-226-3003 (facsimile) |
| | jday@daylaw.com (e-mail) |

Date: February 19, 2026

## CERTIFICATE OF SERVICE

I, John S. Day, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 19, 2026.

/s/ John S. Day
_____
John S. Day, Esquire